UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-60184-CR-COHN/Snow

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RENALDI RUGGIERO, et al.,

    Defendants.
_____



## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on defendant **Clement Santoro's,** Motion to Dismiss Indictment Based on a [sic] Speedy Trial (DE 246), which was referred to United States Magistrate Judge, Lurana S. Snow, for report and recommendation. The defendant is charged in two counts of a six-count indictment with conspiracy to violate the RICO statute (Count 1) and conspiracy to commit extortion (Count 1). These two counts allege that defendant Santoro committed acts in furtherance of the conspiracies during 2003; the indictment was returned in June 2006. Defendant Santoro argues that the delay in returning the indictment against him violates his right to due process of law.

## RECOMMENDATIONS OF LAW

### A. Prejudice to the Defense

The defendant does not contend that the statute of limitations has run with regard to the two offenses alleged against him. Instead, he asserts that he is the victim of pre-indictment delay. The parties agree that the law requires the defendant to show that the delay (1) caused actual prejudice to his defense and (2) was the product of deliberate action by the Government designed to gain a tactical advantage. United States v. Thomas, 62 F.3d 1332 (11th Cir. 1995).

The indictment alleges that the defendant traveled to Florida for the purpose of collecting an unlawful debt, and that he placed a gun to the head of the debtor to force payment of 1.5 million dollars. According to the indictment, this activity took place in the office of co-defendant Francis J. O'Donnell.

The defendant's motion recites that he traveled to Florida to finalize the terms of a legitimate loan which was being made to the defendant for investment (along with a very close friend) in a cement business. When the defendant arrived at O'Donnell's office, he learned from O'Donnell and the alleged extortion victim that he would not receive the loan. An argument ensued, during which the defendant was attacked by O'Donnell and the alleged victim. To prevent being choked by these men, the defendant grabbed a stapler and stapled the hand that had been wrapped around his throat.

The defendant also avers that prior to leaving for Florida, he conferred with several New York attorneys about his investment in the cement business and the terms of the loan. The defendant states that he now is unable to remember the names of the attorneys and therefore is prejudiced in presenting his defense. He does not explain why the attorneys he supposedly contacted cannot be located through documents in his possession or by some other means, such as contacting the close friend with whom the defendant was to be a partner in the cement business.

The defendant has failed to show any genuine prejudice as the result of the delay in returning the instant indictment. In the first place, even if the defendant did consult some New York lawyers about a cement business, that fact does not preclude his involvement in extortion while in Florida. At best, the testimony of the attorneys might tend to corroborate the defendant's version of why he went to O'Donnell's office, but would have no bearing on what actually happened in the office. Moreover, the defendant has offered no explanation why the attorneys cannot be located despite his alleged memory loss.

"Speculative allegations, such as general allegation of loss of witnesses and failure of memories, are insufficient to demonstrate the actual prejudice required." United States v. Radue, 707 F. 2d 493, 495 (11th Cir. 1983). In the case at bar, the defendant has not met his burden of demonstrating prejudice.

B. **Tactical Delay**

The defendant points out that the Government was conducting surveillance and had wiretaps in place at the time of the events in O'Donnell's office. Based on this information, the defendant could have been arrested in 2003. From this fact, the defendant asks this court to infer that the Government's delay in returning the indictment was deliberate and designed to obtain a tactical advantage over the defendant.

As the Government points out, it is not required to return an indictment simply because there is sufficient evidence to do so. United States v. Lovasco, 431 U.S. 783, 789 (1977); Thomas, 62 F.3d at 1339. The instant indictment names six other defendants and covers a time period of 1994 through 2006. There is simply no basis for the defendant's contention that the delay in charging him was a deliberate ploy to weaken his defense. Accordingly, the defendant has not met his burden of proof on the second requirement for dismissal on the ground of pre-indictment delay.

## CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that the Motion to Dismiss Indictment Based on a [sic] Speedy Trial (DE 246) be DENIED.

The parties will have ten days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with The Honorable James I.

Cohn, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1998), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 8th day of February, 2007.

*LURANA S. SNOW*
UNITED STATES MAGISTRATE JUDGE

Copies to:

AUSA Jeff Kaplan (FTL)
Michael Salnick, Esq. (D-Ruggiero)
Frank Rubio, Esq. (D-Colasacco)
Rodney Bryson, Esq. (D-Colasacco)
John Contini, Esq. (D-Weissman)
Theresa Van Vliet, Esq. (D-O'Donnell)
Richard Della Fera, Esq. (D-Santoro)
Brian McComb, Esq. (D-Facchiano)
William Norris, Esq. (D-Steinberg)